María Hortensia, María Esperanza y Ramón Pastor Díaz y Molinary, peticionarios y apelados *v.* Manuel Cividanes Alonso, opositor y apelante.

No. 4987.—*Sometido:* Mayo 22, 1930. *Resuelto:* Noviembre 20, 1931.

*Pedro E. Anglade,* abogado del apelante; *A. Porrata Doria,* abogado de las apeladas María Hortensia y María Esperanza Pastor Díaz; *Agustín E. Font,* abogado del apelado Ramón Pastor Díaz.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

María Esperanza Díaz solicitó de la corte de distrito la entrega de cincuenta acciones expedidas como dividendo, depositadas en corte por un administrador judicial, y reclamadas por la referida María Esperanza Díaz (a quien en lo sucesivo se le designará como la peticionaria) como producto de doscientas cincuenta acciones que le fué adjudicado en una distribución del activo de una herencia después de haberse declarado tal dividendo. El administrador judicial solicitó que se desestimara la petición y que se dictara una orden decretando la reintegración por la peticionaria a la custodia de dicho administrador o de la corte de las doscientas cincuenta acciones en poder de aquélla. La corte de distrito resolvió que tanto las cincuenta acciones como las doscientas cincuenta eran propiedad de la peticionaria, se negó a ordenar la devolución de las doscientas cincuenta acciones y ordenó al secretario que entregara las cincuenta acciones a la peticionaria.

Las doscientas cincuenta acciones formaban parte de una nueva emisión, autorizada en substitución de acciones previamente expedidas.

El administrador judicial había recibido las doscientos cincuenta acciones, al tipo de cinco a una, a cambio de las cincuenta acciones de la emisión anterior. El valor a la par de cada una de las cincuenta acciones era $100. El de cada acción de la nueva emisión era $20. Varios contadores partidores sucesivamente nombrados por la corte de distrito ha-

bían tratado de efectuar una división y distribución de la consabida herencia antes de que el informe del último nombrado fuera aprobado por la corte. El informe rendido por el primero de estos contadores partidores antes de efectuarse el cambio arriba consignado, describe las cincuenta acciones por el número del certificado original. Inventarios e informes posteriores, incluso el cuaderno particional finalmente aprobado por la corte de distrito, siguieron esta descripción. El administrador judicial no llamó la atención de los contadores partidores que practicaron esos inventarios y rindieron esos informes hacia el hecho de que las cincuenta acciones aludidas en el primer inventario se habían cambiado por las doscientas cincuenta acciones posteriormente expedidas. Por el contrario, en presencia de otras partes interesadas y del juez de distrito él endosó y entregó a la peticionaria las doscientas cincuenta acciones y depositó las cincuenta que había expedido como dividendo, ínterin se determinara la cuestión suscitada por él respecto al título de la peticionaria a las mismas. El que el contador partidor dejara por inadvertencia de cambiar la descripción de las cincuenta acciones mencionadas en el inventario original de forma que correspondiera al nuevo número del certificado, dejando así de adjudicar específicamente las doscientas cincuenta acciones a la peticionaria, no debe ahora permitirse que vulnere su reclamación. La adjudicación de las cincuenta acciones descritas en el inventario original era en substancia y en efecto una adjudicación de las doscientas cincuenta acciones recibidas por el administrador judicial a trueque del certificado original.

La adjudicación, tal como fué hecha, no transfirió el título de las cincuenta acciones ya expedidas como dividendo. Pueden haber excelentes motivos por los cuales estas acciones debieron haber sido adjudicadas o deban serlo ahora a la peticionaria. A falta de adjudicación o distribución de esas acciones, éstas pertenecen a todos los herederos en común.

Durante la vista en la corte de distrito el administrador

judicial introdujo el récord en el procedimiento de administración como evidencia tendente à demostrar que las doscientas cincuenta acciones jamás habían sido entregadas a la peticionaria. El administrador judicial al ser llamado ·a la silla como testigo de la peticionaria, negó que hubiera endosado el certificado de doscientas cincuenta acciones, pero admitió que había escrito su nombre al dorso y lo había entregado al juez de distrito en cámara, en presencia de su abogado y de un número de otros testigos. Esta declaración y las de otros testigos en torno a lo que ocurrió al tiempo de la entrega por el administrador judicial de las doscientas cincuenta acciones fueron objetadas por no propender a contradecir testimonio alguno aducido por el administrador judicial. Era admisible, sin embargo, en refutación de la prueba documental ofrecida por el administrador para demostrar que el récord no revelaba entrega alguna de las doscientas cincuenta acciones a la peticionaria.

Celestino Domínguez, abogado del administrador judicial al tiempo de la reunión de las partes interesadas en el despacho privado del juez de distrito, declaró que no se suscitó cuestión alguna en cuanto a las doscientas cincuenta acciones, cuyo certificado había sido endosado voluntariamente y entregado a la peticionaria por el administrador judicial en presencia del juez de distrito, y ese testigo y el abogado de otra de las partes interesadas también firmaron como testigos. Esta declaración fué objetada por tratarse de una comunicación privilegiada. No era en sentido alguno tal comunicación sino una simple narrativa de lo que ocurrió en la reunión de que se trata. De todos modos era meramente acumulativa y su omisión o eliminación no habría afectado el resultado.

Otros testigos declararon que el mismo Domínguez llenó los blancos en el endoso que fué luego firmado por el administrador judicial. Este testimonio explica el intento evasivo del administrador judicial de hacer distinción entre el endoso y su firma.

Otras contenciones del apelante en cuanto tienen algún

mérito como cuestiones abstractas de derecho o en alguna otra forma, no exigirían la revocación de la conclusión a que llegó el juez de distrito en lo concerniente a la propiedad de las doscientas cincuenta acciones.

*Debe revocarse la orden de la corte de distrito de enero 23, 1929, declarando que las cincuenta acciones libradas como dividendo son de la propiedad de la peticionaria y ordenando al secretario de la corte de distrito que entregara a aquélla el certificado. La orden de la misma fecha declarando que las doscientas cincuenta acciones son de la propiedad de la peticionaria y denegando la moción del administrador judicial recabando la reintegración a su custodia o a la de la corte de las doscientas cincuenta acciones, debe ser confirmada.*